IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra Renea Jones, | C/A No. 0:12-1773-MGL-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Sandra Renea Jones ("Jones"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

## ADMINISTRATIVE PROCEEDINGS

In April 2009, Jones applied for SSI. Jones's application was denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 21, 2011 at which Jones appeared and testified and was represented by Dale E. Van Slambrook, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated July 1, 2011 finding that Jones was not disabled. (Tr. 15-25.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



Jones was born in 1974 and was thirty-four years old on the date her application was filed. (Tr. 121.) She has an eleventh grade education and has past relevant work experience as a sales associate. (Tr. 149, 153.) Jones alleges disability since August 1, 1997 due to scoliosis, arthritis, degenerative bone disease, surgery on her back and feet, fibromyalgia, and migraines. (Tr. 148.)

The ALJ made the following findings and conclusions:

1. The claimant has not engaged in substantial gainful activity since April 21, 2009, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: back disorders, affective mood disorder/anxiety, and residual pain from bilateral foot surgery (20 CFR 416.920(c)).

   \* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

   \* \* \*

4. . . . [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally. The claimant should not climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. The claimant can frequently perform gross manipulations and overhead reach. The claimant should avoid moderate exposure to excessive vibration and all exposure to moving machinery and unprotected heights. The claimant is also limited to unskilled work.

   \* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born . . . [in] 1974 and was 34 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 21, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17-25.)

The Appeals Counsel denied Jones's request for review on April 27, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 416.920(h).

at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

### ISSUES

Jones raises the following issues for this judicial review:

I. Is the Commissioner's decision that Plaintiff is not disabled supported by substantial evidence and correct under controlling law?

   A. The ALJ erred in improperly rejecting the medical opinion evidence of Plaintiff's treating physician that she was disabled.

   B. The ALJ erred in failing to properly evaluate Plaintiff's subjective symptoms.

   C. The ALJ properly found that Plaintiff had a "severe" mental impairment during the pertinent period but failed to include in his hypothetical to the vocational expert any limitations resulting from that impairment; by contrast, his finding that Plaintiff's "severe" impairments did not include fibromyalgia is unsupported by substantial evidence.

(Pl.'s Br., ECF No. 19.)

### DISCUSSION

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the

physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. at *5.

Jones argues that the ALJ erred in giving little weight to the opinion of her treating family physician, Dr. David Castellone. Jones challenges each of the various reasons the ALJ gave for rejecting Dr. Castellone's opinion as inadequate under controlling law.

First, the ALJ rejected Dr. Castellone's opinion that Jones was "unable to work any/all occupations forevermore" as being entitled to no consideration because it opined on the ultimate

issue of disability, which is reserved to the Commissioner. The court finds no error in the ALJ's rejection of that particular opinion on that basis. See 20 C.F.R. § 416.927(d)(1)-(3). However, the ALJ's rejection of Dr. Castellone's *medical* opinions is not supported by persuasive contrary evidence as required in the Fourth Circuit. See Mastro, 270 F.3d at 178.

The ALJ discounted Dr. Castellone's medical opinions about Jones's physical limitations because they were on a check-the-box form. However, while courts have noted that the force of a medical opinion may be *diminished* when it is offered on a check-the-box form, the fact that the opinion is presented in a leading format alone does not constitute persuasive contrary evidence to reject Dr. Castellone's opinion. Cf. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (upholding the ALJ's finding that two treating physicians' opinions were entitled to minimal weight, in part, because the opinions were in the form of a checklist, unsupported by objective evidence, and based on the claimant's subjective complaints).

Moreover, the only other reason the ALJ offered for rejecting Dr. Castellone's medical opinions is that he found the limitations contained therein to be unsupported by Dr. Castellone's treatment notes. While this reason can be a viable one for discounting a treating physician's medical opinion under applicable law, see Craig, 76 F.3d at 590, the ALJ's conclusion in this regard is not supported by substantial evidence. The only illustration the ALJ offered in support of this conclusion is that Dr. Castellone's treatment notes observed that Jones's anxiety and degenerative disc disease were stable and that Jones should begin an exercise program. (See ALJ Decision at 9,

Tr. 23.)  The court cannot say that this selective consideration of portions of the treatment notes[3] constitutes substantial evidence supporting the ALJ's conclusion in light of the record as a whole, see 20 C.F.R. § 416.927(c)(4), which is replete with clinical observations and findings supporting Dr. Castellone's opinion. (See, e.g., Tr. 410-12 (treating physician practice notes indicating positive straight leg test, muscle spasms, and left leg weakness, as well as a referral for a neurosurgical evaluation); see also Tr. 268-71 (state agency consultative orthopedist's notes observing heat, diminished muscle strength, severe restriction of movement in cervical spine and in lumbar spine, muscle weakness in left arm and leg, positive straight leg raising at less than ten degrees, and marked lumbar scoliosis); Tr. 460 (x-ray showing malposition of Harrington rods); Tr. 450 (neurologist's noting of fine tremor, distal sensory loss with dorsal lateral foot hyperesthesia on the right, marked strength loss distal more than proximal, and abnormal nerve conduction testing); Tr. 446-47 (MRI showing severe lumbar levoscoliosis and dextroscoliosis of the thoracic spine, multilevel lumbar facet arthrosis and degenerative disc disease at the thoracolumbar junction); Tr. 455-56 (neurosurgeon's note that lumbar MRI showed degenerative disc disease and displacement of hardware at the inferior level and that surgical hooks had pulled out); Tr. 458 (chest x-ray showing disconnected surgical hook); Tr. 301-02 (orthopedist's notes showing bipedal suffling gait pattern, hypersensitivity to light touch, marked scoliosis with tendency to slant forward, and dislodgement of surgical hooks and determining her generalized systemic global symptoms were not amenable to surgery)).

---

[3] This selective consideration of Dr. Castellone's treatment notes is particularly apparent in that the ALJ takes notice of Dr. Castellone's notes when he indicated Jones's degenerative disc disease was "stable" in February of 2010 but ignores his note that this condition was "worsening" in June of 2010.  In fact, in the period between June 22, 2009 and June 2, 2010, the treatment notes from Jones's visits to Dr. Castellone's medical practice indicate that her degenerative disc disease was either "new" or "worsening" eight times, and that it was "stable" three times. (Tr. 409-32, 555-62, 752-53.)



Further, the court observes that the ALJ does not appear to have applied the factors in 20 C.F.R. § 416.927(d) in weighing Dr. Castellone's opinion. Applying them here, the court notes that Dr. Castellone actually examined Jones on numerous occasions, with a physician-patient relationship of extensive duration including frequent appointments between June of 2009 and June of 2010. Further, as noted above, although Dr. Castellone is not himself a specialist, his opinion is supported by documented clinical observations and objective findings of several other physicians who are specialists. (Tr. 268-71, 301-02, 450, 455-56) (treatment notes of two orthopedists, a neurologist, and a neurosurgeon). As the Fifth Circuit has cogently summarized: "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of a treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)](2)." Newton v. Apfel, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis in original). Neither of those authorized reasons for rejection of the treating physician's opinion is present here. As a result, remand is warranted.[4]

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining credibility issue, as it may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

---

[4] In light of this, the court further notes that while it generally agrees with the Commissioner that the ALJ's failure to find Jones's fibromyalgia to be a severe impairment would otherwise appear to have been harmless error, because the court recommends remand in any event due to the problems with the treating physician analysis, the ALJ should also reconsider the issue of whether Jones's fibromyalgia is a severe impairment.



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 13, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).