IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sandra Renea Jones, | ) | Civil Action No.: 0:12-1773-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Plaintiff Sandra Renea Jones ("Plaintiff") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI").

On August 14, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that the Commissioner's decision was not supported by substantial evidence. (ECF No. 23.) Accordingly, the Magistrate Judge recommended that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to re-evaluate the treating physician's analysis and to reconsider whether Plaintiff's fibromyalgia is a severe impairment. (ECF No. 23 at 9.) Plaintiff filed no objections to the to the Report and Recommendation. On August 29, 2013, the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

Commissioner filed "Defendant's Notice of Not Filing Objections to the Report and Recommendation of Magistrate Judge." (ECF No. 25.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner to deny benefits is **reversed** and the action is **remanded** under sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this order and the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

September 9, 2013
Spartanburg, South Carolina